**quinn emanuel** trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7327**

WRITER'S INTERNET ADDRESS
kathleensullivan@quinnemanuel.com

May 24, 2013

<u>VIA ECF</u>

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place N.W.
Washington, D.C. 20439

Re:  *Apple Inc. and NeXT Software, Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Case Nos. 12-1548, -1549

Dear Mr. Horbaly:

Appellees-Cross-Appellants Motorola, Mobility LLC and Motorola Solutions, Inc. ("Motorola") respectfully submit this response to the Rule 28(j) letter submitted by Appellants Apple Inc. and NeXT Software, Inc. ("Apple") on May 10, 2013.  The decision in *Microsoft Corp. v. Motorola, Inc.*, Case No. C10-1823JLR, 2013 U.S. Dist. LEXIS 60233 (W.D. Wash. April 25, 2013) ("Decision") is inapposite to this case because it purports to set a FRAND rate to license a different class of products involving different patent portfolios and different standards and arises in a purported contract case that does not involve infringement damages.

Even if it were relevant here, the Decision is consistent with Motorola's argument (MOB 59-60) that *ex ante* incremental value at the time of standardization may be helpful in determining a FRAND rate but is only one factor in the analysis,  *id.* at **44-45. The Decision also supports Motorola's position that *Georgia-Pacific* requires a hypothetical negotiation at the time of first infringement (*id.* at *63; MOB 59), that only certain *Georgia-Pacific* factors may be relevant to a given case (*id.* at *57; MOB 56)—especially "customary practices of businesses licensing RAND-encumbered patents" (*id*. at 62), and that comparable "real-world" licenses are relevant to hypothetical negotiation analysis, (*id.* at **48-49; MOB 56-57).  The Decision acknowledges that Motorola's wireless cell phone portfolio is "extremely strong."  *Id*. at *203. The record in this case shows that Motorola has a well-established licensing program with all major cell phone manufacturers for its cellular standard-essential patents (MOB 9-10)—except

2

Mr. Jan Horbaly
May 24, 2013

for Apple, which has refused to take a license.  Moreover, the patent pools analysis the court used in the Decision is not at issue here, and the Decision acknowledges that FRAND rates can be higher than pool rates, *id*. at *233.

Very truly yours,

/s/ *Kathleen M. Sullivan*

Kathleen M. Sullivan
*Counsel for Appellees-Cross-Appellants*

cc:   Counsel of record (via ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2013, I caused the above Response to Apple's Notice of Supplemental Authority to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to the following counsel of record:

Joshua E. Rosenkranz
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019

Mark S. Davies
Katherine M. Kopp
Rachel M. McKenzie
T. Vann Pearce, Jr.
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005

Matthew D. Powers
Tensegrity Law Group, LLP
Suite 360
555 Twin Dolphin Drive
Redwood City, CA 94065

*Counsel for Appellants-Cross Appellees Apple Inc. and NeXT Software, Inc.*

                                              /s/ Kathleen M. Sullivan